IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TRAVELERS INDEMNITY COMPANY OF AMERICA,

    Plaintiff,

vs.

MONANEKA JONES, KAWANIS SUTTON, FELICIA BLACKWELL, and TERRY BLACKWELL,

    Defendants.

CASE NO. 3:17-CV-92 (CDL)

O R D E R

Plaintiff Travelers Indemnity Company of America seeks a declaration that it has no obligation to defend or indemnify Defendants Monaneka Jones and Kawanis Sutton for liability claims brought against them by Defendants Felicia and Terry Blackwell. Travelers moved for summary judgment on this issue, and none of the Defendants responded. For the reasons set forth below, Travelers' summary judgment motion (ECF No. 22) is granted. Travelers' motion for default judgment as to Jones and Sutton (ECF No. 21) is also granted.[1]

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

---
[1] The Clerk previously entered a default as to Jones and Sutton because they did not answer or otherwise respond after they were served with the Complaint.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. Those facts must be supported by the record. The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.*

Travelers submitted a statement of undisputed material facts. Defendants did not respond to it. Therefore, Travelers' statement of material facts is deemed admitted pursuant to Local

2

Rule 56.  The Court must still review Travelers' citations to the record to determine whether a genuine fact dispute exists. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).

FACTUAL BACKGROUND

Based on the Court's review of Travelers' citations to the record, the record reveals the following facts.

On November 28, 2015, Breanna Blackwell, the daughter of Defendants Felicia and Terry Blackwell, drove her car to a party at the home of Defendant Monaneka Jones in Athens, Georgia. The party was hosted by Jones's son, Defendant Kawanis Sutton, who lived with his grandparents and not at Jones's house. While Breana was still in her car, a gun fight broke out at the party, and Breana was struck and killed by a stray bullet. Jones was not home at the time of the party, but she learned about the shooting incident from Sutton within forty-eight hours.

Travelers had issued a homeowners insurance policy to Jones that included liability coverage. The policy defines "insured" as the named insured and relatives who are residents of her household. Compl. Ex. F, Policy § Definitions ¶ 4, ECF No. 1-6 at 22. In the event of a loss, the Travelers policy requires the insured to give written notice of the accident or occurrence to Travelers "as soon as is practical." *Id.* § II – Conditions ¶ 3(a), ECF No. 1-6 at 39. The policy also requires the insured to forward promptly to Travelers "every notice, demand, summons,

or other process relating to the accident or '**occurrence**.'" *Id.* § II – Conditions ¶ 3(b), ECF No. 1-6 at 39. These notice provisions are expressly made a condition precedent to coverage because the policy provides that no action shall be brought against Travelers "unless there has been compliance with the policy provisions." *Id.* § II – Conditions ¶ 6, ECF No. 1-6 at 40. *See, e.g., Lankford v. State Farm Mut. Auto. Ins. Co.*, 703 S.E.2d 436, 438-39 (Ga. Ct. App. 2010) (finding that a similar provision made notice provisions a condition precedent to coverage).

Neither Jones nor Sutton notified Travelers about the shooting incident or requested coverage under the policy—not after Jones received a letter from the Blackwells' lawyer in April 2016 stating that litigation was contemplated, not after the Blackwells filed the underlying lawsuit and served Jones in August 2016, and not after Sutton was added as a defendant to the underlying lawsuit in March 2017. Jones did tell the Blackwells' lawyer about the Travelers policy during her November 2016 deposition in the underlying lawsuit, and the Blackwells' lawyer immediately contacted Travelers to provide notice of the shooting incident and the underlying lawsuit. Neither Jones nor Sutton has responded to Travelers' several requests for information about the shooting incident. Travelers

4

is providing a defense to Jones and Sutton in the underlying lawsuit subject to a reservation of rights.

DISCUSSION

Travelers argues that Sutton is not entitled to coverage because he was not an insured under the policy. The Court agrees. The policy only covered Jones and her relatives who were residents of her household. Based on the record, Sutton lived with his grandparents and was not a resident of Jones's household, and Defendants did not offer any evidence to create a genuine fact dispute on this issue. And, Sutton never requested coverage under the policy or responded to Travelers' requests for information about the shooting incident. For these reasons, Sutton is not entitled to coverage under the policy.

Travelers argues that Jones is not entitled to coverage because she did not comply with the policy's conditions precedent. The Court agrees. Under Georgia law, an insured must comply with her insurance policy's conditions precedent to coverage. As discussed above, the notice provisions in Jones's insurance policy are conditions precedent to coverage. A notice provision that is "expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification." *Barclay v. Stephenson*, 787 S.E.2d 322, 329 (Ga. Ct. App. 2016) (quoting *Lankford*, 703 S.E.2d at 438-39). "An unjustified failure to give such notice ends the insurer's

coverage obligations." *Id.* "The insured has the burden of showing justification for a delay in providing notice." *OneBeacon Am. Ins. Co. v. Catholic Diocese of Savannah*, 477 F. App'x 665, 670 (11th Cir. 2012) (per curiam) (applying Georgia law). If an insured is contractually required to provide notice of a loss or a lawsuit and fails to do so, then there is no coverage under the policy unless the insured demonstrates justification for her failure. *See, e.g., id.*; *Burkett v. Liberty Mut. Fire Ins. Co.*, 629 S.E.2d 558, 560 (Ga. Ct. App. 2006).

Here, Jones did not notify Travelers of the shooting incident, even after she received a letter from the Blackwells' attorney stating that litigation was contemplated. She did not notify Travelers of the Blackwells' lawsuit against her. She did not respond to Travelers' several requests for information about the shooting incident. Thus, Jones did not comply with the policy's conditions precedent to coverage. She offered no justification for these failures. Under Georgia law, Jones is not entitled to coverage under the policy.

CONCLUSION

As discussed above, Travelers' summary judgment motion (ECF No. 22) is granted, and its motion for default judgment as to Jones and Sutton (ECF No. 21) is also granted. Travelers has no

duty under the policy to defend or indemnify Jones and Sutton for liability claims brought against them by the Blackwells.

IT IS SO ORDERED, this 20th day of March, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA